WILCOX & GIBBS SEWING-MACH. CO. v. MERROW MACH. CO. et al.

(Circuit Court, D. Connecticut.    October 30, 1897.)

PATENTS — LIMITATION BY PRIOR ART—INFRINGEMENT—OVERSEAMING SEWING MACHINES.

Patents Nos. 472,094 and 472,095, for improvements in sewing machines for making overseams (the former patent being for a single-thread and the latter for a double-thread machine), construed in view of the prior art, and *held* not infringed by a machine made in accordance with patent No. 541,722.

This is a suit in equity by the Wilcox & Gibbs Sewing-Machine Company against the Merrow Machine Company and others for alleged infringement of letters patent Nos. 472,094 and 472,095, for sewing machines making an overseam; the former being for a single-thread and the latter for a double-thread machine.

Howson & Howson, for complainant.
Church & Church, for defendants.

TOWNSEND, District Judge.    At final hearing on this bill in equity, charging infringement of the second and fifth claims of patent No. 472,094, and the second claim of patent No. 472,095, defendant denies the validity of both patents, and denies infringement. The question of infringement only will be considered.    The claims alleged to be infringed are as follows:

Patent No. 472,094: "(2) The combination, with the needle and its operating mechanism, of a looper having an upper jaw provided with a hook and a lower jaw (said looper being arranged to oscillate in a path around the edge of the cloth plate), and means for actuating said looper to carry a loop of the needle thread around the cloth plate, substantially as described."  "(5) The combination of the double-jawed looper, moving in a single plane, and a needle moving in a line oblique to the plane of the looper's movement, and intersecting the same, whereby the looper is, when beneath the cloth, on one side of the needle, and, when above the cloth, on the other side thereof, substantially as described."

Patent No. 472,095: "(2) The looper, made with two jaws, one of which is furnished with a hook, and the other with an eye, in combination with a reciprocating needle, and operating mechanism for moving the looper in a plane oblique to the plane of movement of said needle, substantially as described."

Both patents are for a sewing machine making an overseam.    No. 472,094 is for a single-thread machine.    No. 472,095 is for a double-

thread machine. The application for No. 472,094 was filed July 23, 1887. The application for No. 472,095 was filed May 24, 1890. Both patents were issued April 5, 1892. No. 472,095 is similar to No. 472,094, except for the changes necessary to adapt it to the use of two threads. The stitch formed by complainant's machine is made under patent No. 472,095, is the same as that formed by defendant's machine, and is old, and several different machines for forming it were well known in the prior art. Defendant's machine is a double-thread machine. Generally speaking, the mode of forming said stitch is the same in all these machines, including those of the complainant and the defendant. A sewing-machine needle, having the eye near the point, is first thrust through the fabric, carrying the needle thread with it. Then a hook of some kind takes hold of the needle thread below the fabric, and holds it so that the needle, in being withdrawn from the fabric, leaves a loop of needle thread on the hook, and below the fabric. This loop of needle thread is then drawn out to, and lifted up around, the edge of the fabric. Then a loop of another thread is thrust through the loop of needle thread, and the needle, in making its second stroke, passes through this second loop. In single-thread machines, the loop of needle thread, after being lifted up around the edge of the fabric, is carried over the fabric; and the needle, in making its second stroke, passes through the needle-thread loop. The implement which seizes the loop of needle thread, and carries it around the edge of the fabric, is called the "looper." When two threads and two implements are used, the implement which passes the second loop through the needle-thread loop is called the "looper." In patent No. 472,094 the upper part of complainant's looper is shaped somewhat like the pointed end of a fishhook. The point passes between the needle and the thread below the fabric, when the hook, which is shaped and attached very much like the barb of a fishhook, seizes the thread and draws out the loop. After the loop is carried around and over the edge of the fabric, the forward motion of the looper causes the hook or barb to drop the loop; and it then falls upon the lower jaw or member, which carries it forward over the fabric, so that the needle, in its next descent, may pass through it. In patent No. 472,095 this lower jaw member is longer, and has an eye near the end, carrying a second thread; and, when the loop of needle thread falls upon this lower jaw, it is not carried forward, but slips back along it, while the needle passes between the lower jaw and the thread carried by its eye. Defendant's looper, which is that of patent No. 541,722, is a bar having the forward end curved around to form a hook, which is pointed, and having an eye carrying a thread in the forward part, near where the curve begins. In operation, this hook is inserted from the rear (that is, in the opposite direction from complainant's), between the needle and thread. The needle is then withdrawn, and this needle-thread loop is brought forward and around the edge of the fabric; but as the looper, with its threaded eye, moves along over the fabric, the needle-thread loop slips backward upon the bar of the looper, and the needle, again descending, passes between the looper bar and

the thread passing through its eye.   Various prior modes of forming both the single and double thread stitch have been put in evidence.   The Goods and Miller patent, granted in 1864, for a single-thread machine, has a slightly curved bar, ending in a point with a barb, which, if inverted, would be practically the upper jaw of complainant's patent.   The point passes between the needle and thread, then the barb seizes the thread, and draws it backward and upward, when another hook seizes the thread, thus opening the loop so that the needle may readily pass through it.   The second hook thus performs nearly the same office as the second member of complainant's single-thread patent.   Such a device is spoken of in the briefs of both counsel as a "two-implement type of looper," because it requires two implements in addition to the needle.   The Wanzer British patent. No. 1,093, granted in 1865, for a single-thread machine, has two jaws or prongs on the end.   One of these is inserted from the rear, between the needle and thread.   The looper is then carried by a circular motion around and above the fabric, and the loop is presented again to the needle.   This belongs to the one-implement class.   The Frey patent, granted in 1865, has a single looping instrument, the operating end of which somewhat resembles a half eyelet attached to a furcated shank.   The hook formed by the groove thus formed at the side of the end of the furcated bar enters between the needle and thread, from the rear.   As the loop is drawn around the edge of and above the fabric, the loop is gradually shifted, until it is engaged in the upper jaw of the looper, then passes upon the notched ends of both jaws, and finally, by a further turn, is presented to the needle. In the Richard patent, No. 252,799, granted in 1882 for a single-thread machine. the looper has a curve on one side, near the point, and another higher up, on the other side.   It reciprocates in a curved path around the edge of the fabric, so that the loop is taken from one curve of the looper to the other, and at last is presented to the needle. The Rehfuss patent, No. 40,311, granted in 1863, is a two-thread machine.   A hook takes the needle-thread loop, and draws it backward beyond the edge of the fabric, when a thread-carrying looper passes through the needle-thread loop, and over the fabric, and presents another loop for the needle.   This is a two-implement machine.   The Tarbox machine (patent No. 49,803, granted in 1865) has a slightly-curved looper, with a threaded eye near the point, arranged on an arm of a rock shaft, and operated diagonally to the feeding device and to the bed of the machine.   This looper is inserted from the rear with a needle and thread, and, as it comes forward and upward around the edge of the fabric, the needle-thread loop slips backward upon the looper, while the threaded end of the looper passes above the fabric, and presents its loop to the needle.   Several other patents for devices for making these stitches were in evidence.

Defendant claims that its machine is less nearly related to the complainant's than to several others of the older machines; and it insists that the complainant's machine, with its two jaws, is founded upon the two-implement style of machine, while the defendant's machine is founded upon the one-implement type of machine.   I am inclined to

accept this view. The single-implement, double-thread loopers, prior to this patent, from which the defendant's machine is claimed to be developed, complainant characterizes as "somersault loopers." Complainant characterizes its own machine as the oblique plane, noninverting looper, and claims that its high speed is due to using a one-implement, noninverting looper, thus avoiding the necessity of complicated machinery, and of a long thrust to the needle. But I am unable to find any such statement in the claims or specifications of its patent. Even if defendant's inventor derived from complainant's patent his idea that an overseam machine might be run at a high rate of speed by using a one-implement, noninverting looper, he did not copy complainant's looper, and, I think, did not come as near to it in structure as to some of the others.

Patent No. 472,095 differs only slightly from No. 472,094, in view of the prior art, and it is very doubtful whether it can be said to contain invention. I am inclined to think that a skillful mechanic, being presented with a machine of No. 472,094, and with the prior patents in evidence, and requested to adapt the machine to a double-thread stitch, would have made the change almost as a matter of course. It is not denied that the machine of No. 472,094 had been in use for a long time before the application for No. 472,095. Both patents were issued upon the same day, and the specification of No. 472,095 states that "the general form and organization of the machine, and many of the parts or elements thereof, are similar to that described" in the other specification. The specification of No. 472,-095 contains a statement of the invention in these words:

"The novel and important feature of this part of the invention consists in the relative arrangement of the needle and the double-jawed looper, so that the line of the needle's motion is oblique to the plane in which the looper moves. In the practical embodiment of this principle, it is immaterial which of these devices is made to move obliquely with reference to the plane of the cloth plate; and any arrangement in which a double-jaw looper, having its movement all in any one plane, co-operates with a needle so moving with reference thereto that it lies on one side of the looper when both are above the cloth, and on the other when both are beneath the cloth, would be within the invention."

I do not understand it to be disputed that patents of the prior art have loopers moving in one plane, and so moving that the needle is on one side when both are above the cloth, and on the other when both are below the cloth. Attempts were made, in the patent office, to obtain a claim on this looper without the limitation of the double jaw, and in No. 472,095 an attempt was made to obtain a claim without the hook. The office refused to grant them, and the claims were limited as appear in the patent. If complainant considered that its invention lay in the noninverting character of its looper, it should have so claimed it. In the absence of any hint that the substance of the invention consisted in this feature, I do not think I have any right to so broaden the claim as to cover all one-implement, noninverting loopers moving in a plane oblique to the course of the needle. It is doubtful whether any such looper could be made which would be any more unlike that of the complainant than the looper of the defendant.

Complainant claims that it has a pioneer patent, so far as rapid overseam work is concerned; and, from the evidence, I am satisfied that, prior to complainant's machine, the practical work of such machines was not more than 1,000 stitches per minute, while by complainant's machine, more than 2,000 stitches can be made. This advantage, complainant now insists, is due to the form of its looper, which allows the stitch to be made with a much shorter thrust of the needle. How much of this increase of speed is due to this device, and how much to improvements in other parts of the machine, does not appear. Patent No. 472,095 makes no reference to speed, and the only reference to speed in patent No. 472,094 is the following:

"The machine has been contrived with reference to running it at a very high rate of speed; the reciprocating parts being as short and light as possible, and their motions derived from eccentrics, although cams or cranks may be employed for that purpose. The feed is a four-motion feed, all of whose motions are positive, although other forms of feed, as means of moving a four-motion feeding surface, may be employed."

In view of the prior art, I am unable to find in defendant's looper the elements of the claims in suit of either of complainant's patents, without unduly straining the doctrine of equivalents. Let the bill be dismissed.